RACHEL GEORGE TERRY (10769)
DIANA F. BRADLEY (14603)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
E-mail: rachelterry@agutah.gov
        dbradley@agutah.gov

*Attorneys for Defendant Davis School District*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM JASON GLENN, and LORILYN GLENN, individually, and as parents and guardians of E.G., a minor child;<br><br>Plaintiffs,<br><br>v.<br><br>DAVIS SCHOOL DISTRICT, and REID NEWEY, CHADLEY ANDERSON, ADAM KING, BRYON NIELSON, MURIEL MANN, CINDY SMITH, and TRACIE MCEWEN-GARRITSON, all in both their official and individual capacities;<br><br>Defendants. | **DEFENDANT DAVIS SCHOOL DISTRICT'S ANSWER TO COMPLAINT**<br><br>Case No. 1:19-cv-00008-DAK<br><br>Judge Dale A. Kimball |

Defendant Davis School District ("District"), by and through counsel, Rachel George Terry and Diana F. Bradley, respond to Plaintiffs' Complaint (doc. 2) as follows:

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

The District responds to the allegations in each of the numbered paragraphs in Plaintiffs' Second Amended Complaint as follows:

## INTRODUCTION

1.      Addressing the allegations of paragraph 1, the District admits Plaintiffs are bringing a lawsuit and that E.G. transferred to a different school. The District denies the remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2.      Addressing the allegations of paragraph 2, the District admits that Plaintiffs have purported to allege a cause of action under 20 U.S.C. § 1983, Title II of the Americans with Disabilities Act of 1990, § 504 of the Rehabilitation Act of 1973, and the Fourteenth Amendment to the United States Constitution.

3.      Addressing the allegations of paragraph 3, the District admits that this Court has subject matter jurisdiction over the parties.

4.      Addressing the allegations of paragraph 4, the District admits that venue is proper in the District of Utah.

## DESCRIPTION OF THE PARTIES

5. Addressing the allegations of paragraph 5, the District lacks sufficient knowledge regarding E.G.'s residence to admit or deny those allegations and therefore denies those allegations. The District admits that E.G. is a minor child and was a student at Fairfield Junior High School in the Davis School District during the relevant times. The District denies the remaining allegations in paragraph 5 of the Complaint.

6. Addressing the allegations of paragraph 6, the District lacks sufficient knowledge regarding Plaintiffs residence to admit or deny those allegations and therefore denies those allegations. The District admits the remaining allegations in paragraph 6 of the Complaint.

7. Addressing the allegations of paragraph 7, the District admits those allegations.

8. Addressing the allegations of paragraph 8, the District admits those allegations.

9. Addressing the allegations of paragraph 9, these allegations call for a legal conclusion for which no response is required.

10. Addressing the allegations of paragraph 10, these allegations call for a legal conclusion for which no response is required.

11.     Addressing the allegations of paragraph 11, the District admits that FFJH is operated by the District and is located in Kaysville, Utah. The remaining allegations of paragraph 11 call for a legal conclusion for which no response is required.

12.     Addressing the allegations of paragraph 12, the District admits that Reed Newey is the superintendent of the District and is a resident of Utah. The District also admits that Newey is being sued in his official and individual capacities. The remaining allegations call for a legal conclusion for which no response is required.

13.     Addressing the allegations of paragraph 13, the District admits that Anderson is the Junior High Math Supervisor and employee for the District. The District admits that Anderson is a resident of Utah and is being sued in her official and individual capacities. The District admits that Anderson is involved in math placement decisions. The District denies the remaining allegations in paragraph 13 of the Complaint.

14.     Addressing the allegations of paragraph 14, the District admits that Adam King was the 504 and Special Education Coordinator and employed of the District during the relevant times. The District affirmatively states King is no longer in that position. The District admits that King is a resident of Utah and is being sued in his official and individual capacities. The District admits that during

the relevant times, King was involved in DSD's 504 and Special Education programs. The District denies the remaining allegations in paragraph 14 of the Complaint.

15.     Addressing the allegations of paragraph 15, the District admits that Bryon Nielsen is the principal of FFJH and employed by the District. The District admits that Nielsen is being sued in his official and individual capacities. The District denies the remaining allegations in paragraph 15 of the Complaint.

16.     Addressing the allegations of paragraph 16, the District admits those allegations.

17.     Addressing the allegations of paragraph 17, the District admits those allegations.

18.     Addressing the allegations of paragraph 18, the District admits that Garritson was the Counseling Department Head at FFJH at the relevant times, but affirmatively asserts she is no longer in that position. The District admits the remaining allegations in paragraph 18 of the Complaint.

## GENERAL ALLEGATIONS

19.     Addressing the allegations of paragraph 19, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

20. Addressing the allegations of paragraph 20, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

21. Addressing the allegations of paragraph 21, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

22. Addressing the allegations of paragraph 22, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

23. Addressing the allegations of paragraph 23, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

24. Addressing the allegations of paragraph 24, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

25. Addressing the allegations of paragraph 25, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

26. Addressing the allegations of paragraph 26, the District admits that E.G. has had a § 504 plan. The District lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 26 and therefore denies those allegations.

27. Addressing the allegations of paragraph 27, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

28. Addressing the allegations of paragraph 28, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

29. Addressing the allegations of paragraph 29, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

30. Addressing the allegations of paragraph 30, the District admits those allegations.

31. Addressing the allegations of paragraph 31, the District admits those allegations.

32. Addressing the allegations of paragraph 32, the District admits those allegations.

33. Addressing the allegations of paragraph 33, the District admits that on or about August 16, 2017, Lori registered E.G. for school and checked the "504

plan" box on the registration form and delivered an envelope containing a copy of E.G.'s Florida school records, including his standardized test results and a copy of his 504 plan to the counseling office. The District lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 33 and therefore denies those allegations.

34. Addressing the allegations of paragraph 34, the District admits those allegations.

35. Addressing the allegations of paragraph 35, the District admits those allegations.

36. Addressing the allegations of paragraph 36, the District denies those allegations and affirmatively asserts that August 23, 2017, was the first day of the 2017-2018 school year for the District.

37. Addressing the allegations of paragraph 37, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

38. Addressing the allegations of paragraph 38, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

39. Addressing the allegations of paragraph 39, the District admits those allegations.

40.     Addressing the allegations of paragraph 40, the District admits that as of September 11, 2017, the District had not entered a 504 plan for E.G. into its 504 system. The District lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 40 and therefore denies those allegations.

41.     Addressing the allegations of paragraph 41, the District admits those allegations.

42.     Addressing the allegations of paragraph 42, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

43.     Addressing the allegations of paragraph 43, the District admits those allegations.

44.     Addressing the allegations of paragraph 44, the District admits that E.G.'s teachers were not aware of his 504 plan and no accommodations were given until approximately September 12, 2017. The District denies the remaining allegations in paragraph 44 of the Complaint.

45.     Addressing the allegations of paragraph 45, the allegations call for a legal conclusion and do not require a response.

46.     Addressing the allegations of paragraph 46, the District admits those allegations.

47.     Addressing the allegations of paragraph 47, the District admits that on September 12, 2017, Smith emailed Mann and that the email speaks for itself.

48.     Addressing the allegations of paragraph 48, the District admits those allegations.

49.     Addressing the allegations of paragraph 49, the District admits that on September 28, 2017, Smith emailed Mann and that the email speaks for itself.

50.     Addressing the allegations of paragraph 50, the District admits that on September 28, 2017, Mann responded to Smith's email and that the email speaks for itself.

51.     Addressing the allegations of paragraph 51, the District admits that on September 28, 2017, Mann and Smith exchanged emails and that the emails speak for themselves.

52.     Addressing the allegations of paragraph 52, the District admits that on October 2, 2017, Smith emailed Mrs. Glenn and that the emails speak for themselves.

53.     Addressing the allegations of paragraph 53, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

54. Addressing the allegations in paragraph 54, the District admits that Mann spoke with Lori to schedule a 504 meeting. The District denies the remaining allegations in paragraph 54.

55. Addressing the allegations of paragraph 55, the District admits that Anderson, Egbert, Smith, and Mann met with E.G. during his band class without notifying Mr. and Mrs. Glenn. The District denies the remaining allegations in paragraph 55.

56. Addressing the allegations of paragraph 56, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

57. Addressing the allegations of paragraph 57, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

58. Addressing the allegations of paragraph 58, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

59. Addressing the allegations of paragraph 59, the District admits that Anderson called Lori and informed her that she had met with E.G. The District denies the remaining allegations in paragraph 59.

60. Addressing the allegations of paragraph 60, the District admits that on October 4, 2017, Smith emailed Anderson and that the email speaks for itself.

61. Addressing the allegations of paragraph 61, the District admits that on October 4, 2017, Smith emailed Lori and that the email speaks for itself.

62. Addressing the allegations of paragraph 62, the District admits those allegations.

63. Addressing the allegations of paragraph 63, the District admits that on October 4, 2017, Lori spoke with King. The District denies the remaining allegations in paragraph 63.

64. Addressing the allegations of paragraph 64, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

65. Addressing the allegations of paragraph 65, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

66. Addressing the allegations of paragraph 66, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

67. Addressing the allegations of paragraph 67, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

68. Addressing the allegations of paragraph 68, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

69. Addressing the allegations of paragraph 69, the District denies those allegations.

70. Addressing the allegations of paragraph 70, the District admits that on October 6, 2017, Lori emailed Smith and that the email speaks for itself.

71. Addressing the allegations of paragraph 71, the District admits those allegations.

72. Addressing the allegations in paragraph 72, the District admits Nielsen met with the Glenn to discuss E.G.'s situation and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies those allegations.

73. Addressing the allegations of paragraph 73, the District admits that on October 12, 2017, Garritson telephoned Technical Sergeant Amber Monio ("TSgt Monio") regarding the Glenn family. The District denies the remaining allegations in paragraph 73.

74.     Addressing the allegations of paragraph 74, the District admits that on October 13, 2017, Garritson provided TSgt Monio with emails from the Glenns and FFJH and DSD personnel. The District denies the remaining allegations in paragraph 74.

75.     Addressing the allegations of paragraph 75, the District admits that on October 15, 2017, Mann sent additional emails to ("TSgt Monio"). The District denies the remaining allegations in paragraph 75.

76.     Addressing the allegations of paragraph 76, the District denies those allegations.

77.     Addressing the allegations of paragraph 77, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

78.     Addressing the allegations of paragraph 78, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

79.     Addressing the allegations of paragraph 79, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

80. The District admits that on November 10, 2017, a 504 meeting was held at FFJH and a new 504 plan was implemented. The District denies the remaining allegations in paragraph 80.

81. Addressing the allegations of paragraph 81, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

82. Addressing the allegations of paragraph 82, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

83. Addressing the allegations of paragraph 83, the District admits that on January 11, 2018, the Glenns withdrew E.G. from FFJH. The District lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 83 and therefore denies those allegations.

84. Addressing the allegations of paragraph 84, the District admits that the Glenns withdrew E.G.'s siblings from DSD schools. The Districts lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 84 and therefore denies those allegations.

85. Addressing the allegations of paragraph 85, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

86.     Addressing the allegations of paragraph 86, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

87.     Addressing the allegations of paragraph 87, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

88.     Addressing the allegations of paragraph 88, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

89.     Addressing the allegations of paragraph 89, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

90.     Addressing the allegations of paragraph 90, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

91.     Addressing the allegations of paragraph 91, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

# FIRST CAUSE OF ACTION

92.     In response to paragraph 92, the District incorporates its responses to paragraphs 1-91 above.

93.     Addressing the allegations of paragraph 93, the District admits that the statute speaks for itself. The remaining allegations in paragraph 93 call for a legal conclusion and do not require a response.

94.     Addressing the allegations of paragraph 94, the District admits it receives federal funds. The remaining allegations call for a legal conclusion and do not require a response.

95.     Addressing the allegations of paragraph 95, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

96.     Addressing the allegations of paragraph 96, the District denies those allegations.

97.     Addressing the allegations of paragraph 97, the District denies those allegations.

98.     Addressing the allegations of paragraph 98, the District denies those allegations.

99.     Addressing the allegations of paragraph 99, the District denies those allegations.

100.   Addressing the allegations of paragraph 100, the District denies those allegations.

101.   Addressing the allegations of paragraph 101, the District denies those allegations.

102.   Addressing the allegations of paragraph 102, the District denies those allegations.

103.   Addressing the allegations of paragraph 103, the District denies those allegations.

104.   Addressing the allegations of paragraph 104, the District denies those allegations.

105.   Addressing the allegations of paragraph 105, the District denies those allegations.

106.   Addressing the allegations of paragraph 106, the District denies those allegations.

107.   Addressing the allegations of paragraph 107, the District denies those allegations.

108.   Addressing the allegations of paragraph 108, the District denies those allegations.

109.   Addressing the allegations of paragraph 109, the District denies those allegations.

110.    Addressing the allegations of paragraph 110, the District denies those allegations.

## SECOND CAUSE OF ACTION

111.    In response to paragraph 111, the District incorporates its responses to paragraphs 1-110 above.

112.    Addressing the allegations of paragraph 112, the allegations call for a legal conclusion and do not require a response.

113.    Addressing the allegations of paragraph 113, the allegations call for a legal conclusion and do not require a response.

114.    Addressing the allegations of paragraph 114, the allegations call for a legal conclusion and do not require a response.

115.    Addressing the allegations of paragraph 115, the District admits those allegations.

116.    Addressing the allegations of paragraph 116, the District lacks sufficient knowledge to admit or deny those allegations and therefore denies those allegations.

117.    Addressing the allegations of paragraph 117, the District denies those allegations.

118.    Addressing the allegations of paragraph 118, the District denies those allegations.

119. Addressing the allegations of paragraph 119, the District denies those allegations.

120. Addressing the allegations of paragraph 120, the District denies those allegations.

121. Addressing the allegations of paragraph 121, the District denies those allegations.

122. Addressing the allegations of paragraph 122, the District denies those allegations.

123. Addressing the allegations of paragraph 123, the District denies those allegations.

124. Addressing the allegations of paragraph 124, the District denies those allegations.

125. Addressing the allegations of paragraph 125, the District denies those allegations.

126. Addressing the allegations of paragraph 126, the District denies those allegations.

127. Addressing the allegations of paragraph 127, the District denies those allegations.

128. Addressing the allegations of paragraph 128, the District denies those allegations.

129. Addressing the allegations of paragraph 129, the District denies those allegations.

130. Addressing the allegations of paragraph 130, the District denies those allegations.

131. Addressing the allegations of paragraph 131, the District denies those allegations.

132. Addressing the allegations of paragraph 132, the District denies those allegations.

133. Addressing the allegations of paragraph 133, the District denies those allegations.

## THIRD CAUSE OF ACTION

134. In response to paragraphs 149-158, the Defendants have submitted a Motion to Dismiss this cause of action and no response is required. To the extent a response is required, the District denies those allegations.

## FOURTH CAUSE OF ACTION

135. In response to paragraphs 149-158, Defendants have submitted a Motion to Dismiss this cause of action and no response is required. To the extend a response is required, the District denies those allegations.

## FIFTH CAUSE OF ACTION

136.   In response to paragraphs 159-173, the Defendants have submitted a Motion to Dismiss this cause of action and no response is required. To the extend a response is required, the District denies those allegations.

## THIRD AFFIRMATIVE DEFENSE

The District denies every allegation of the Complaint that is not specifically admitted or otherwise pleaded to herein.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, as the District did not violate any constitutional, statutory, or common law right, privilege of the Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Any and all injuries and damages alleged by Plaintiffs in their Complaint resulted from Plaintiffs' own actions or omissions, or from the acts or omissions of third parties over whom the District had no affirmative link, authority, or control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of waiver, estoppel, claim preclusion, issue preclusion, and res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have suffered no injury or damage as a result of the conduct of the District.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to monetary damages under Section 504 or the ADA.

## NINTH AFFIRMATIVE DEFENSE

There is no *respondeat superior* liability or strict supervisor liability for constitutional violations or civil rights actions under 42 U.S.C. § 1983.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, as the District's actions were not pursuant to any unconstitutional policy, custom, rule, or regulation.

## ELEVENTH AFFIRMATIVE DEFENSE

The District is not liable for damages resulting from Plaintiffs' failure to mitigate damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred by Utah law, or otherwise fails because there is no basis to demonstrate by clear and convincing evidence that any of the District's alleged acts or omissions were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against the District – including any claim for punitive damages – is limited or barred by the provisions of the Utah Governmental Immunity Act or other applicable state law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiffs allege a civil rights action under 42 U.S.C. § 1983, Plaintiffs fail to allege an affirmative link or nexus between the alleged conduct of the District and the alleged violation of Plaintiffs' rights.

## FIFTEENTH AFFIRMATIVE DEFENSE

The District asserts the right to raise further defenses that may become known in the future.

## PRAYER FOR RELIEF

The District requests that Plaintiffs' Complaint be dismissed with prejudice as no cause of action exists, that the District be awarded the costs incurred in defending this action, and such other relief as the Court deems just. Otherwise, the District demands a trial by jury.

DATED this 26th day of April, 2019.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ *Rachel George Terry*
RACHEL GEORGE TERRY
DIANA F. BRADLEY
Assistant Utah Attorneys General
*Attorneys for Davis School District*